**UNITED STATES of America**

v.

**George Ervin FOX, Jr.**

**No. 1:99 cr 75.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 15, 1999.

David H Henderson, Jr., Assistant U.S. Attorney, Beaumont, TX, for plaintiff.

Frank W Henderson, Federal Defender's Office, Beaumont, TX, for defendant.

### *Memorandum Opinion*

COBB, District Judge.

### I. Introduction

Defendant George Fox was charged with possessing child pornography in violation of section 2252A of the Child Pornography Prevention Act of 1996 ("the CPPA"). 18 U.S.C. § 2252A. The defendant asserts that the statute he is being prosecuted under is unconstitutional because it violates the First Amendment. For the reasons set forth below, the Court denies the defendant's motion to dismiss the indictment.

### II. Background

Congress has passed several laws which attempt to combat the problems associated with child pornography. *See Am. Library Ass'n v. Barr*, 956 F.2d 1178, 1181–85 (D.C.Cir.1992) (discussing the history of the national anti-child pornography legislation). One of the most recent laws enacted by Congress is the CPPA. The CPPA was enacted to combat the use of computer technology to produce pornography that sends the impression that children were used in the photographs or images. In passing the CPPA, Congress specifically recognized that computer technology is capable of "alter[ing] perfectly innocent pictures of children ... to create visual depictions of those children engaging in any imaginable form of sexual conduct." S.Rep. No. 104–358, at 15 (1996). Congress decided that these "[c]omputer generated images which appear to depict minors engaging in sexually explicit conduct are just as dangerous to the well-being of ... children as material using actual chil-

dren." *Id.* at 19. Therefore, it is apparent that Congress passed the CPPA in an effort to prevent the effects computer generated images might have on children, even if no actual children are used in the images. *Free Speech Coalition v. Reno,* No. C. 97–0281VSC, 1997 WL 487758 (N.D.Cal. Aug. 12, 1997).

Under 18 U.S.C. § 2256(8), child pornography is defined as:

any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct. . . .

The CPPA also provides an affirmative defense for violations of the Act if:

(1) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct;

(2) each such person was an adult at the time the material was produced; and

(3) the defendant did not advertise, promote, present, describe, or distribute the material in such a manner as to convey the impression that it is or contains a visual depiction of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2252A(c).

The defendant contends that the CPPA is overbroad and vague and thus unconstitutional. The defendant bases his argument primarily on § 2256(8)(B) where it states that it is illegal to possess a visual depiction if that visual image "is or appears to be [that], of a minor engaging in sexually explicit conduct." The defendant contends that this section of the statute "criminalizes constitutionally protected speech by banning depictions of adults who otherwise only appear to be minors." Def's. Mot. to Dismiss Indict. at 2.

### III. The CPPA is Constitutional

In *United States v. Hilton,* 167 F.3d 61 (1st Cir.1999), the First Circuit considered the exact same issues as are presented here. Relying on Supreme Court precedent, the First Circuit concluded that the CPPA is neither overbroad nor vague. *Id.* at 70–72. The First Circuit reasoned that it is constitutionally permissible for Congress "to allow the regulation of sexual materials that appear to be of children but did not, in fact, involve the use of live children in their production." *Id.* at 73.

This court does not find any flaws in the reasoning of the First Circuit. Accordingly, this court holds that the CPPA is neither overbroad nor vague.[1] Furthermore, the CPPA does not have a "chilling effect" on free speech as the defendant has contended. The defendant contends that § 2256(8)(B) criminalizes constitutionally protected free speech by

---

1. Courts have consistently found other sections of the CPPA constitutional. *See, e.g. Connection Distrib. Co. v. Reno,* 154 F.3d 281 (6th Cir.1998) (finding the record keeping portions of the act constitutional); *United States v. Hockings,* 129 F.3d 1069 (9th Cir. 1997) (finding no vagueness in the statute); *see also United States v. Stevens,* 29 F.Supp.2d 592 (D.Alaska 1998) (criticizing *United States v. Hilton,* 999 F.Supp. 131 (D.Me.1998) which had found the CPPA overbroad and vague); *United States v. Lamb,* 945 F.Supp. 441 (N.D.N.Y.1996) (holding that the definition of prohibited materials under the Protection of Children Against Sexual Exploitation Act was not constitutionally vague).

banning depictions of adults who otherwise only appear to be minors. However, this argument ignores the affirmative defense provided in § 2252A(c). It is a defense to a charge under the CPPA if the alleged child pornography is actually of an adult. 18 U.S.C. § 2252A(c)(1)–(3); *Free Speech*, at * 5, 1997 WL 487758; *see also* S.Rep. at 21 (stating that the CPPA "does not, and is not intended to, apply to a depiction produced using adults engaging in sexually explicit conduct, even where a depicted individual may appear to be a minor"). Thus, the CPPA is constitutional.

## IV. Conclusion

The Court concludes that § 2252A of the CPPA, and its incorporated definition of "child pornography" contained in § 2256(8)(B) are constitutionally valid. Accordingly, the Defendant's Motion to Dismiss the Indictment is hereby DENIED.