UNITED STATES

v.

Terry W. JAMES, Machinist's Mate
First Class (E–6), U.S. Navy.

NMCM 99 00435.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 13 July 1998.

Decided 11 May 2000.

LT Jonathan R. Goodman, JAGC, USNR,
Appellate Defense Counsel.

LT Kevin S. Rosenberg, JAGC, USNR,
Appellate Government Counsel.

Before DeCICCO, Chief Judge, TROIDL,
Senior Judge, and ANDERSON, Appellate
Military Judge.

TROIDL, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of possessing child pornography and two specifications of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A (as assimilated), under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged sentence includes a bad-conduct discharge, 150 days confinement, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged.

We have carefully reviewed the record of trial, the appellant's single assignment of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Background

In 1998, the appellant was a "geographic bachelor" assigned to the USS FRANK CABLE (AS 40), which was home ported in the Territory of Guam. He resided in Government quarters with an acquaintance to whom the quarters were assigned. That same acquaintance owned a personal computer and paid for monthly access to the Internet through a commercial provider of Internet services. The appellant was authorized to use both the computer and his acquaintance's Internet access account.

During February to April 1998, the appellant used the computer to gain access to a service which allowed him to download various pictures in return for his uploading other pictures to the service. Although unable to view the pictures he wished to download in advance, he intentionally picked sites that advertised "pre-teen pics" and downloaded three or more computer files containing pictures of minors engaged in explicit sexual activity. After downloading the pictures, the appellant viewed and saved them on the computer.

On 22 April 1998, the appellant knowingly accessed a chat room where the advertised topic of discussion was "Dad and daughter sex." While in the chat room, he entered into a discussion with an individual whose screen name was Fast Girl. In reality, Fast Girl was a male agent of the U.S. Customs Service. During the course of their chat, at Fast Girl's request, the appellant uploaded a picture of a child he believed to be a minor engaged in sexually explicit activity, which picture was received by Fast Girl in the continental United States. Two days later, during another chat with Fast Girl, the appellant uploaded an additional 15 pictures containing children he believed to be minors engaged in sexually explicit activity, which pictures were also received by Fast Girl in the continental United States.

### Vague and Overbroad

Based upon these facts, the appellant pled guilty to possessing child pornography and two specifications of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A.[1] Although he did not contest the constitutionality of this statute at trial, he does so before this court, contending that the statute is vague and overbroad both facially and as applied in his case. Appellant's Brief of 24 January 2000 at 2. In support of his position, he cites *Free Speech Coalition v. Reno*, 198 F.3d 1083 (9th Cir. 1999), which found two phrases in the definition of child pornography, as contained in 18 U.S.C. § 2256,[2] both overbroad and vague, but otherwise upheld the constitutionality of 18 U.S.C. § 2252A.[3]

The Supreme Court has long recognized that Governments are "entitled to greater leeway in the regulation of pornographic depictions of children" than in the regulation of other forms of pornography. *New York v. Ferber*, 458 U.S. 747, 756, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). "There are, of course, limits on the category of child pornography which, like obscenity, is unprotected by the First Amendment. As with all legislation in this sensitive area, the conduct to be prohibited must be adequately defined by the applicable state law, as written or authoritatively construed.... The category of 'sexual conduct' proscribed must also be suitably limited and described." *Ferber*, 458 U.S. at 764, 102 S.Ct. 3348.

The statute upon which the appellant was convicted has withstood constitutional attacks asserting that it is overbroad and vague in both *United States v. Hilton*, 167 F.3d 61 (1st Cir.1999) and *United States v. Acheson*, 195 F.3d 645 (11th Cir.1999). As to overbreadth, both courts concluded that any material that could qualify for heightened protection under the First Amendment, such as material that has artistic or scientific value but fell within the purview of the statute, could warrant reversal of a conviction but not invalidation of the statute. *Hilton*, 167 F.3d at 74; *Acheson*, 195 F.3d at 652. Both courts found that the statute was not constitutionally vague, noting that the statute's affirmative defenses and *scienter* requirement put the reasonable person on notice of what conduct is prohibited and provide adequate protection against arbitrary enforcement. *Hilton*, 167 F.3d at 75–77; *Acheson*, 195 F.3d at 652–53. Additionally, as noted above, with the exception of two phrases in the definition of child pornography, as contained in 18 U.S.C. § 2256, the Ninth Circuit Court of Appeals has also upheld the constitutionality of 18 U.S.C. § 2252A.

 Finding the reasoning of the First and Eleventh Circuit Courts of Appeal persuasive, we, too, find that 18 U.S.C. § 2252A is neither facially overbroad nor vague. Additionally, under the facts of this case in which the appellant freely admitted during the providence inquiry his belief that at least one of the persons in each of the photographs he possessed or transported was a minor

---

1. See Appendix A for the text of 18 U.S.C. § 2252A.

2. See Appendix B for text of 18 U.S.C. § 2256.

3. "We find that the phrases 'appears to be' a minor, and 'conveys the impression' that the depiction portrays a minor, are vague and over-

broad and thus do not meet the requirements of the First Amendment. Consequently we hold that while these two provisions of the Act do not pass constitutional muster, the balance of the Child Pornography Prevention Act is constitutional when the two phrases are stricken." *Free Speech Coalition*, 198 F.3d at 1086.

(Record at 29, 34, 37, 39),[4] we find that the statute was not overbroad as applied to him. Even if we were to accept the Ninth Circuit Court of Appeals decision in *Free Speech Coalition* and conclude that two phrases in the definition of child pornography are overbroad and vague on their face, we find that the excepted language has no bearing on the appellant's case given his admissions during the providence inquiry. Finding no substantial basis in law or fact for questioning the appellant's pleas, we find this assignment of error to be without merit. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

## Conclusion

Accordingly, we affirm the findings of guilty and sentence as approved below.

## Appendix A

18 U.S.C. § 2252A. Certain activities relating to material constituting or containing child pornography

(a) Any person who—

(1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;

(2) knowingly receives or distributes—

(A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

(B) any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

(3) knowingly reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer;

(4) either—

(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, or in the Indian country (as defined in section 1151), knowingly sells or possesses with the intent to sell any child pornography; or

(B) knowingly sells or possesses with the intent to sell any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

(5) either—

(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, or in the Indian country (as defined in section 1151), knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography; or knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, shall be punished as provided in subsection (b).

(b)(1) Whoever violates, or attempts or conspires to violate, paragraphs (1), (2), (3), or (4) of subsection shall be fined under this title or imprisoned not more than 15 years, or both, but, if such person has a prior conviction under this chapter, chapter 109A, or chapter 117 [18 USCS §§ 2251 et seq., 2241 et seq., or 2421 et seq.], or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or

---

4. Even on appeal the appellant has not asserted that the pictures at issue, Prosecution Exhibits 2– 4, are not real children engaged in sexually explicit situations.

the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 5 years nor more than 30 years.

(2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 5 years, or both, but, if such person has a prior conviction under this chapter, chapter 109A, or chapter 117 [18 USCS §§ 2251 et seq., 2241 et seq., or 2421 et seq.], or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 2 years nor more than 10 years.

(c) It shall be an affirmative defense to a charge of violating paragraphs (1), (2), (3), or (4) of subsection (a) that—

(1) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct;

(2) each such person was an adult at the time the material was produced; and

(3) the defendant did not advertise, promote, present, describe, or distribute the material in such a manner as to convey the impression that it is or contains a visual depiction of a minor engaging in sexually explicit conduct.

(d) Affirmative defense. It shall be an affirmative defense to a charge of violating subsection (a)(5) that the defendant—

(1) possessed less than three images of child pornography; and

(2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof—took reasonable steps to destroy each such image; or

(3) reported the matter to a law enforcement agency and afforded that agency access to each such image.

## Appendix B

18 U.S.C. § 2256. Definitions for chapter

For the purposes of this chapter [18 USCS §§ 2251 et seq.], the term—

(1) "minor" means any person under the age of eighteen years;

(2) "sexually explicit conduct" means actual or simulated—

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;

(C) masturbation;

(D) sadistic or masochistic abuse; or

(E) lascivious exhibition of the genitals or pubic area of any person;

(1) "producing" means producing, directing, manufacturing, issuing, publishing, or advertising;

(2) "organization" means a person other than an individual;

(3) "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image;

(4) "computer" has the meaning given that term in section 1030 of this title;

(5) "custody or control" includes temporary supervision over or responsibility for a minor whether legally or illegally obtained;

(6) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct; and

(9) "identifiable minor"—

(A) means a person—

(i)(I) who was a minor at the time the visual depiction was created, adapted, or modified; or

(II) whose image as a minor was used in creating, adapting, or modifying the visual depiction; and

(ii) who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; and

(B) shall not be construed to require proof of the actual identity of the identifiable minor.