**UNITED STATES of America,
Plaintiff,**

· v.

**Robert Wayne FISCUS, Defendant.**

**and**

**United States of America, Plaintiff,**

v.

**Richard Barney, Defendant.**

**Nos. 2:99CR627C, 2:99–CR–87C.**

United States District Court,
D. Utah,
Central Division.

June 22, 2000.

Elizabethanne C. Stevens, Salt Lake City, UT, for Plaintiff.

James C. Bradshaw, Salt Lake City, UT, for Defendants.

---

1. The alleged acts of the Defendants are factually unrelated. Each Defendant, however, is represented by the same defense attorney and each makes identical arguments in support of

### ORDER

CAMPBELL, District Judge.

Grand juries have indicted Defendants Robert Wayne Fiscus and Richard Barney under 18 U.S.C. § 2252A(a)(5)(B) for the knowing possession of images of child pornography that had been shipped, mailed, and/or transported in interstate and/or foreign commerce.[1] This matter comes before the court on Fiscus's and Barney's motions to dismiss on the grounds that § 2252A is unconstitutional.

Section 2252A is one provision of the Child Pornography Prevention Act of 1996 ("CPPA"). The CPPA was enacted to combat the use of computer technology to produce pornography that sends the impression that children were used in the photographs or images. *See United States v. Hilton,* 167 F.3d 61, 65 (1st Cir.1999). The statute defines child pornography as:

any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B) such visual depiction is, *or appears to be,* of a minor engaging in sexually explicit conduct;

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that *conveys the impression* that the material is or contains

the pending motion. One oral argument was heard for purposes of both motions, and both Defendants were present during the hearing.

a visual depiction of a minor engaging in sexually explicit conduct. . . .

18 U.S.C. § 2256(8) (emphasis added).

The Defendants contend that the CPPA is overbroad, vague, and otherwise unconstitutional. The argument presented by the Defendants focuses primarily on the language "appears to be" and "conveys the impression" in 18 U.S.C. § 2256(8)(B) and (D). The Defendants rely on the Ninth Circuit decision, *Free Speech Coalition v. Reno,* 198 F.3d 1083 (9th Cir.1999), to support their claim that the language both criminalizes explicitly protected speech and provides no measures for guiding ordinary intelligent persons about what conduct is prohibited. (*See* Def.'s Mot. to Dismiss at 6, 7.)[2]

In *United States v. Hilton,* 167 F.3d 61 (1st Cir.1999), and *United States v. Acheson,* 195 F.3d 645 (11th Cir.1999), the First and Eleventh Circuits considered and rejected the same arguments made here. *Accord United States v. Pearl,* 89 F.Supp.2d 1237 (D.Utah 2000) (Stewart, J.); *United States v. Fox,* 74 F.Supp.2d 696 (E.D.Tex.1999); *United States v. James,* 2000 WL 703496 (N.M.Ct.Crim. App. May 11, 2000). This court does not find any flaws in the reasoning of these courts. Accordingly, the court holds that the CPPA is neither overbroad nor vague, and otherwise constitutional.

Section 2252A of the CPPA, and its definitions of "child pornography" as contained in § 2256(8)(B) are constitutionally valid. Accordingly, the Defendants' motions to dismiss are DENIED.