UNITED STATES, Appellee

v.

Terry W. JAMES, Machinist's Mate First Class
U.S. Navy, Appellant

No. 00-0592

Crim. App. No. 99-0435

United States Court of Appeals for the Armed Forces

Argued February 6, 2001

Decided August 15, 2001

SULLIVAN, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant: Lieutenant Jonathan R. Goodman, JAGC, USNR (argued).

For Appellee: Colonel M. W. Fisher, Jr., USMC (argued); Lieutenant Commander
Philip Sundel, JAGC, USNR (on brief).

Military Judge: Robert G. Sokoloski

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge SULLIVAN delivered the opinion of the Court.

On July 13, 1998, appellant was tried by a military judge sitting alone at a special court-martial at the U.S. Trial Service Office Guam. Pursuant to his pleas, he was found guilty of one specification of possessing child pornography and two specifications of transporting child pornography in interstate commerce, in violation of 18 USC § 2252A as assimilated by Article 134, Uniform Code of Military Justice, 10 USC § 934. The military judge sentenced appellant to a bad-conduct discharge, confinement for 150 days, and reduction to pay grade E-1. On March 8, 1999, the convening authority approved the sentence as adjudged, and on May 19, 2000, the Navy-Marine Corps Court of Criminal Appeals affirmed the findings and sentence. See United States v. James, 53 MJ 612 (N.M. Ct. Crim. App. 2000). [1]

On November 16, 2000, this Court granted review of the following issue:

> WHETHER THE LOWER COURT ERRED IN FINDING
> THAT THE STATUTORY LANGUAGE "APPEARS TO BE
> A MINOR" AND "CONVEYS THE IMPRESSION" THAT
> A PICTURE PORTRAYS A MINOR WITHIN 18 USC §
> 2252A WAS NOT UNCONSTITUTIONALLY OVERBROAD
> BOTH ON ITS FACE AND AS APPLIED TO
> APPELLANT.

We hold that the appellate court below did not err in affirming appellant's guilty-plea convictions of possessing and transporting child pornography under 18 USC § 2252A and Article

---

[1] The typed original of the opinion below is dated May 19, 2000.

134.  See generally United States v. Hilton, 167 F.3d 61 (1st
Cir. 1999), cert. denied, 528 U.S. 844 (1999).

The record of trial shows that during 1998, appellant served aboard the USS FRANK CABLE (AS 40), stationed at Guam.  Appellant lived in government quarters with another person, M.H.  The roommate owned a personal computer and paid monthly fees for Internet access through a commercial provider.  He also allowed appellant to use both the computer and the Internet account.

From February to April 1998, appellant used the roommate's Internet account to "swap" files by downloading pictures from an Internet site in exchange for posting pictures to that same site.  Appellant "intentionally picked sites . . . advertis[ing] 'pre-teen pics' and downloaded" at least three files that contained "pictures of minors engaged in explicit sexual activity.  After downloading" these files, "appellant viewed" the pictures "and saved" the images onto his roommate's computer.

On April 22, 1998, appellant entered a chat room offering a conversation on "Dad and daughter sex."  While accessing the chat room through his roommate's account, appellant engaged in a discussion with someone called "Fast Girl," in fact the screen name of a male agent of the U.S. Customs Service posing as a female pedophile.  "[A]t Fast Girl's request, appellant uploaded a picture of a child he believed to be a minor engaged in sexually explicit activity" and sent the picture electronically to Fast Girl.  "Two days later, . . . appellant uploaded" another fifteen pictures which he "believed" were "minors engaged in

sexually explicit activity" and sent them electronically to Fast Girl.  The agent posing as Fast Girl received all the pictures back in continental United States.  53 MJ at 612-13.

Appellant admitted the above facts and pleaded guilty to violating 18 USC § 2252A on at least three occasions. 2

——— ——— ———

Appellant asks this Court to set aside his convictions under 18 USC § 2252A and Article 134 for possessing and transporting child pornography.  He contends that this federal statute is unconstitutional because it violates the First Amendment.  Cf. United States v. Mento, 231 F.3d 912, 915 (4th Cir. 2000), cert. filed Jan. 22, 2001.  He particularly argues that this statute is constitutionally overbroad because it not only prohibits sexually explicit depictions of actual children, but also such pictures of virtual or apparent children as well.  He asks that his guilty pleas to violating this unconstitutional statute be set aside as improvident. See generally United States v. Prater, 32 MJ 433, 436 (CMA 1991) (an accused must "show a 'substantial basis' in law and fact" exists for overturning a guilty plea on appeal).

The Child Pornography Prevention Act of 1996 proscribes knowing transportation, knowing receipt, knowing distribution, and knowing possession of child pornography in interstate commerce "by any means, including by computer."  See 18 USC §

_____

2/ 18 USC § 2252A was amended on October 30, 1998 (Pub. L. No. 105-314, 112 Stat. 2978 (1998)) which eliminated "'3 or more images' each place that term appears and inserting 'an image.'" Appellant's offenses were alleged to have occurred between February and April 1998.

4

2252A(a). <u>3</u>  The term "child pornography" is broadly defined in the U.S. Code.  It includes not only a "visual depiction . . . of sexually explicit conduct . . .(A) . . . involv[ing] the use of a minor engaging in sexually explicit conduct"; but also "(B) such visual depiction [which] is, or <u>appears</u> to be, of a minor engaging in sexually explicit conduct" and "(D) such visual depiction . . . <u>conveys the impression</u> that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct[.]"  <u>See</u> 18 USC §§ 2256(8) (emphasis added).  The military judge explained to appellant:

> The term "child pornography" means any
> visual depiction including photograph,
> video, picture of computer-generated image
> or picture, whether made or produced by
> electronic mechanical or other means of
> sexually explicit conduct, where the

---

3/ "(a) Any person who – (1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography; (2) knowingly receives or distributes – (A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

* * *

or (5) either – (A) in the special maritime or territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, or in the Indian country (as defined in section 1151), knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains 3 or more images of child pornography; or (B)knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains 3 or more images of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, shall be punished as provided in subsection (b).

>               production of such visual depiction
>               involves the use of a minor engaging in
>               sexual [sic] explicit conduct.  Such
>               visual depiction is or appears to be of a
>               minor engaging in sexually explicit
>               conduct or such visual depiction has been
>               created, adapted or modified to appear
>               that of an unidentifiable minor or it
>               contains a visual depiction of a minor
>               engaging in sexually explicit conduct.  Do
>               you understand that?
>
>               ACC: Yes, sir.
>
>               MJ: The definition of "child pornography,"
>               "visual depiction," and "minor" again come
>               under or come from section 2256 of Title
>               18 of the United States Code. . . .

R. 19.

Appellant argues that the "appears to be" and "conveys the impression" language of the statute infringes on speech protected by the First Amendment of the U.S. Constitution.  He largely adopts the position of the Ninth Circuit in Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir. 1999), cert. granted, 121 S.Ct. 876 (2001).  There, the Ninth Circuit recognized that the definition of child pornography found in the federal statute (18 USC 2256(8)) constituted a "content-based classification of speech."  Reno, 198 F.3d at 1091.  As such, it stated that the Government had to show both "a compelling interest" served by this statute and how that statutory definition was "narrowly tailored" to fit that interest.  Id.  Focusing on the "compelling interest" of the state in proscribing child pornography mentioned by the Supreme Court in New York v. Ferber, 458 U.S. 747 (1982), the Ninth Circuit held that the state had no compelling interest in regulating virtual or apparent child pornography where no minor was actually harmed.  Reno, 198 F. 3d at 1096.  "Nothing in

Ferber can be said to justify the regulation of such materials other than the protection of the actual children used in the production of child pornography." Id at 1092.

We disagree with the Ninth Circuit's holding in Free Speech Coalition v. Reno, supra, and hold the definition of "child pornography" in 18 USC §§ 2256(8) and the prohibitions in 18 USC § 2252A are constitutional. The majority of the other federal courts of appeals that have considered this same issue have held this section of the Act to be constitutional. See United States v. Hilton, 167 F.3d 61 (1st Cir. 1999); see also United States v. Acheson, 195 F.3d 645 (11th Cir. 1999); United States v. Mento, 231 F. 3d 912 (4th Cir. 2000); and United States v. Fox, 248 F.3d 394 (5th Cir. 2001). In particular, we adopt the rationale of the First Circuit as elaborated in United States v. Hilton, supra at 72 (holding that "appears to be" language added prohibition against virtual child pornography to prohibition against actual child pornography as particularly defined in original statute).

The First Circuit in Hilton opined that suppressing the "virtual" or apparent child-pornography trade constituted a compelling government interest that justified the expanded definition of "child pornography" found in the federal statute. It acknowledged that this federal statute created a "content-based" restriction, 167 F.3d at 69, and applied the same "compelling state interest-narrow tailoring" test as the Ninth Circuit in Reno. See Hilton, 167 F.3d at 68. However, looking to the decision in Osborne v. Ohio, 495 U.S. 103 (1990), it

maintained that the Supreme Court has recognized a broader governmental interest in regulating child pornography than approved in Ferber. See Hilton, 167 F.3d at 70,73. As such, the First Circuit upheld the statute as constitutional:

> As technology improves and access to technology increases, efforts to eradicate the child pornography industry could be effectively frustrated if Congress were prevented from targeting sexually explicit material that "appears to be" of real children. The government's interest in addressing these forms of child pornography is no less powerful than in instances where an actual child is actually used and abused during the production process. We will not second-guess Congress's decision to address the social ills posed by the various types of virtual child pornography.

Hilton, 167 F.3d at 73. 4 We agree.

In any event, even if the First Circuit's approach to 18 USC § 2252A is not followed, appellant's convictions need not be invalidated. A narrow construction of this statute applying it only to pictures of actual minors would clearly render this statute constitutional even under the Ninth Circuit's decision.

---

4/ The First Circuit recounted Congress' stated reasons for broadening the definition of child pornography: "First, the legislature desired to reduce the sheer volume of computerized child pornography that could be used by child molesters and pedophiles to 'stimulate or whet their own sexual appetites.' S. Rep. 104-358, at pt. IV(B). Second, Congress sought to ban computer-generated images that are 'virtually indistinguishable' from those of real children, but are made without live children. Id. . . . Third, the new law was designed to protect the privacy of actual children whose innocuous images are altered to create sexually explicit pictures. . . . Fourth, Congress wished to deprive child abusers of a 'criminal tool' frequently used to facilitate the sexual abuse of children." Hilton, 167 F.3d at

See Free Speech Coalition v. Reno, supra at 1086.  Here, appellant's admissions "objectively support" his pleas of guilty to violations of the more narrowly construed statute directed at sexual pictures of actual minors.  See generally United States v. Shearer, 44 MJ 330, 334 (1996) ("An inquiry into the providence of a guilty plea must establish the factual circumstances admitted by the accused which 'objectively' support his plea.").

Appellant argues that no definite proof exists in his case that the pictures at issue showed actual minors.  However, in the guilty-plea context, the Government does not have to introduce evidence to prove the elements of the charged offense beyond a reasonable doubt; instead, there need only be "factual circumstances" on the record "which 'objectively' support" the guilty pleas, i.e., that actual minors were in appellant's pictures.  See Shearer, 44 MJ at 334.  Here, appellant pleaded guilty to the charged violations of 18 USC § 2252A (R. 11) and admitted that actual minors were in the charged pictures.

The judge in this case explained to appellant that an element of the crimes of possessing and transporting child pornography was proof that the subjects of the pictures were minors.  He said:

> The third element of Specification 1, is
> that the visual depiction was produced by
> using at least one person who was a minor
> engaged in this sexually explicit conduct.
> Do you understand that element?

---

66-67. See United States v. Mento, 231 F.3d 912, 916, 918, 920-22 (4th Cir. 2000).

> ACC: Yes, sir.
>
> MJ: And that element is the same for Specification 2 and Specification 3. Do you understand that?
>
> ACC: Yes, sir.

R. 16. Moreover, appellant particularly admitted that the subjects of the pictures were minors:

> Q. Now, why do you believe that- as far as describes those files- why you believe the files to be described as child pornography?
>
> A. Well, they depicted young females under the age of eighteen, which as you stated, that they, uh, they are minors. I believe that the pictures depicted minors under the age of eighteen and at least four contained minors engaged in sexual activity.
>
> *    *    *
>
> Q. Do you believe that one of those persons involved in that conduct was a minor?
>
> A. I believe the person in the picture was under eighteen, yes, sir.
>
> Q. Now, when you say the person in the picture, was there one person or more than one?
>
> A. There were two persons in the picture, sir. The person I'm referring to- is I believe, the young lady, was a minor. I am not- I am not sure of the male.

R. 27, 34.

Appellant's admissions concerning the age of the subjects of the pictures in his case were amply supported by the pictures themselves which are attached to this record as exhibits. See R.

10

54-55 and Pros. Ex. 2-4.  In addition he admitted that he went to various web sites looking for pictures of "pre-teen[s]" and downloaded pictures from files labeled in a manner reasonably suggesting depiction of actual minors. R. 26, 38.  Finally, appellant admitted that he visited chat rooms on the Internet with topics such as "Dad and daughter sex" where pictures of minors were regularly requested and provided.  R. 32.  Viewed in its entirety, we conclude that the factual circumstances reflected in the record "objectively support" appellant's guilty pleas to possessing and transporting child pornography depicting actual minors.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.