CRAWFORD, Chief Judge
(dissenting):
I would affirm the decision of the court below on several grounds. First, Appellant waived the issue by failing to challenge the constitutionality of the statute at trial. Second, the factual circumstances of the record objectively support Appellant’s guilty plea to possessing and transporting child pornography depicting actual minors. Moreover, Appellant’s guilty plea to Additional Charge II, Specifications 2 and 3, was provident to the lesser-included offense of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. For these reasons, I respect-fully dissent.
A. Appellant Waived the Issue.
“A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution.” United States v. Mezzanatto, 513 U.S. 196, 201, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). In fact, “[t]hat constitutional questions which are nonjurisdictional must be asserted at trial to preserve them for appeal is a well settled doctrine[.]” United States v. Hoskins, 406 F.2d 72, 74 (7th Cir.1969)(citing Head v. New Mexico Board, 374 U.S. 424, 432 n. 12, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963); Glidden Co. v. Zdanok, 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962); Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Cox v. City of *456 Freeman, 321 F.2d 887 (8th Cir.1963); Werner v. Hearst Publishing Co., 297 F.2d 145 (9th Cir.1961); Rubin v. United States, 289 F.2d 195 (5th Cir.1961); Evangelical Lutheran Church v. Stanolind Oil & Gas Co., 251 F.2d 412 (8th Cir.1958); Keyes v. Madsen, 179 F.2d 40 (D.C.Cir.1949), cert, denied, 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950); Wabash Ry. Co. v. City of St. Louis, 64 F.2d 921 (8th Cir.1933)). Moreover, “[t]he rule is well established and of long standing that an exception [to a charge], to be of any avail, must be taken at the trial.” Johnson v. Garber, 73 F. 523, 526 (6th Cir.1896)(quoting United States v. Carey, 110 U.S. 51, 52, 3 S.Ct. 424, 28 L.Ed. 67 (1884)).
When Appellant learned of his charge under Article 134, clause [3], for violating the Child Pornography Prevention Act (CPPA), 18 U.S.C. § 2252A (2000), he neither took exception to the charge generally, nor alleged that the basis for the charge — the CPPA — was unconstitutionally vague and overbroad. In so doing, Appellant cannot now be afforded relief on the very grounds he himself failed to raise, and therefore waived.
B. The Record Supports Appellant’s Guilty Plea to Possessing and Transporting Child Pornography Depicting Actual Minors.
Even if waiver is not applicable, Appellant’s guilty plea was provident to violating the CPPA, as interpreted by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).
In Free Speech Coalition, the Court in effect held that to violate the CPPA, one must knowingly receive and possess child pornography, transported in interstate or foreign commerce, where such pornography is comprised of visual depictions of actual minors. Thus, the accused’s knowledge that the pornography involves actual minors is an element of the offense that must be established. In a contested case, the Government must demonstrate this knowledge beyond a reasonable doubt to prove the accused committed the crime. In a non-contested case, such as this one, the court must only verify this knowledge to sustain the providence of the guilty plea.
When evaluating the providence of a guilty plea, “[r]ather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially.” United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F.2002)(emphasis added). “[T]here need only be ‘factual circumstances’ on the record ‘which “objectively” support’ the guilty pleas, i.e., that actual minors were in appellant’s pictures.” United States v. James, 55 M.J. 297, 300 (C.A.A.F.2001)(quoting United States v. Shearer, 44 M.J. 330, 334 (C.A.A.F.1996)).
In James, this Court considered the following colloquy in evaluating the providence of the appellant’s guilty plea to violating the pre-Free Speech Coalition CPPA:
Q. The term “child pornography” [under the CPPA] means any visual depiction ... involving] the use of a minor engaging in sexual [sic] explicit conduct. Such visual depiction is or appears to be of a minor engaging in sexually explicit conduct[.]
Q. Now, why do you believe that — as far as describes those files — why you believe the files to be described as child pornography?
A. Well, they depicted young females under the age of eighteen, which as you stated, that they, uh, they are minors. I believe that the pictures depicted minors under the age of eighteen and at least four contained minors engaged in sexual activity.
Q. Do you believe that one of those persons involved in that conduct was a minor? A. I believe the person in the picture was under eighteen, yes, sir.
55 M.J. at 299, 301 (emphasis added). The Court noted that through these words, the appellant “admitted that actual minors were in the charged pictures” and that these admissions were “amply supported by the pictures themselves.” Id. at 300-01. The *457 Court then concluded that “the factual circumstances reflected in the record ‘objectively support’ [the] appellant’s guilty pleas to possessing and transporting child pornography depicting actual minors.” Id. at 301 (emphasis added). In short, although the appellant did not supply the adjectives “real” or “actual,” and although the judge defined “pornography” in pre-Free Speech Coalition terms, this Court inferred from the language the appellant did use — “young females” and “minors” — that the images involved actual minors. See Redlinski, 58 M.J. at 119 (noting that providence may be confirmed by the record inferentially).
In the present case, when the military judge questioned Appellant regarding the exact act he committed, the following exchange occurred:
Q. So you did in fact receive child pornography through your computer?
A. Yes, sir, I did.
Q. How did you know that?
A. Some of it was very obvious, Your Honor.
Q. Can you explain how it was very obvious?
A. Young, undeveloped, female children.
Q. How were they depicted?
A. Posing, engaged in sexual acts of intercourse and sodomy.
(Emphasis added.)
The descriptive terminology Appellant used — that those depicted were “young, undeveloped, female children” — was very similar to the terminology in James, particularly given the near equivalency in meaning of the words “minor” and “child.” See Black’s Law Dictionary 1011 (7th ed.1999)(defining “minor” as “[a] person who has not reached full legal age; a child or juvenile”)(emphasis added). Moreover, as in James, the pictures attached to the record in this case amply support Appellant’s awareness that the images involved actual minors.
Finally, the Department of Defense Forensic Laboratory uncovered over 6,500 files of child pornography on Appellant’s computer, approximately 59 of which were admitted into evidence. Given the staggering number of files, probability and common sense eertainly dictate that among those files were at least three images of actual children. See 18 U.S.C. § 2252A(d) (2000)(noting that liability requires possession of at least three proscribed images). Thus, this Court should infer from the record Appellant’s knowledge that at least three of the images were of actual children. See Redlinski, 58 M.J. at 119; United States v. Blocker, 32 M.J. 281, 284 (C.M.A.1991)(noting that in resolving many questions courts may draw reasonable inferences from the evidence of record).
In short, the factual circumstances of the record objectively support Appellant’s guilty plea to possessing and transporting child pornography depicting actual minors.
C. Appellant’s Plea was also Provident to the Lesser-included Offense of Conduct Prejudicial to Good Order and Discipline or of a Nature to Bring Discredit Upon the Armed Forces.
Notwithstanding the providence of Appellant’s guilty plea to possessing and transporting child pornography depicting actual minors, in violation of the CPPA, the same plea was provident to the lesser-included offense of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.
Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2000), punishes
[ 1] all disorders and neglects to the prejudice of good order and discipline in the armed forces, [2] all conduct of a nature to bring discredit upon the armed forces, and [3] crimes and offenses not capital, of which persons subject to this chapter may be guilty[.]
In United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994), this Court held that each offense charged under the UCMJ “per se is either prejudicial to good order and discipline or brings discredit to the armed forces.” Thus, conduct violating any enumerated Article, or Article 134, clause [3], per se also violates Article 134, clause [1] or clause [2], United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F.2000). Accordingly, an accused *458 charged under Article 134, clause [3], is on notice that Article 134, clause [1] or clause [2], is a lesser-included offense of the principal clause [3] charge. Id. In short, included within Appellant’s charge under Article 134, clause [3], was the lesser-included offense of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces, under Article 134, clauses [1] and [2]. This Court may therefore affirm so much of the finding as includes this lesser-included offense. Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2002) (“Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.”).
In evaluating the providence of Appellant’s guilty plea to this lesser-included offense, “this Court looks at the context of the entire record to determine whether [Appellant was] aware of the elements, either explicitly or inferentially.” Redlinski, 58 M.J. at 119 (emphasis added). Such awareness “may be satisfied by the ‘factual statement,’ the ‘stipulation,’ or ‘representation’ by counsel that the offense was committed.” Id. at 120 (Crawford, C.J., dissenting)(quoting Henderson v. Morgan, 426 U.S. 637, 646, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976))(emphasis added).
Appellant’s ten page stipulation of fact contains 33 paragraphs and hyperlinks to each of the 6,508 image files that resulted in Appellant’s charge under Article 134. Four times in the stipulation, Appellant acknowledged that knowingly downloading and electronically storing these very images was conduct “to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.” This admission is binding as fact upon the parties and the court-martial, unless and until it is withdrawn or stricken from the record. United States v. Gerlach, 16 C.M.A. 383, 385, 37 C.M.R. 3, 5 (1966); Rule for Courts-Martial 811(e). In short, Appellant’s explicit admissions, coupled with the detailed descriptions and hyperlink references, objectively support his guilty plea to the lesser-included offense of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.
The majority is troubled by “the absence of any discussion of the service-discrediting character of Appellant’s conduct during the providence inquiry coupled with the impact of the Supreme Court’s decision in Free Speech Coalition [.]” 58 M.J. at 454. While these factors initially gave me pause as well, after much reflection, I am even more convinced of the providence of Appellant’s guilty plea to the lesser-included offense.
First, because Appellant stipulated that his conduct was prejudicial to good order and discipline and of a nature to bring discredit upon the armed forces, and because the court-martial is bound by that stipulation, the lack of a discussion during the providence inquiry of the prejudicial and service-discrediting character of Appellant’s conduct does not preclude a finding that the plea was provident. The stipulation alone, which was neither withdrawn nor stricken from the record, left no doubt that Appellant fully and intelligently understood his conduct to be prejudicial to good order and discipline and of a nature to bring discredit upon the armed forces. See Henderson v. Morgan, 426 U.S. at 646, 96 S.Ct. 2253 (acknowledging that a stipulation “can serve as a substitute for either a finding after trial, or a voluntary admission, that [an appellant] had the requisite [mental state]”).
Moreover, the Supreme Court’s decision in Free Speech Coalition impacts only the providence of Appellant’s plea to the violation of Article 134, clause [S], which refers to Appellant’s violation of the CPPA. The providence of Appellant’s admission to violating the CPPA is distinct from the providence of his admission to conduct prejudicial to good order and discipline and of a nature to bring discredit upon the armed forces. Certainly, knowing possession of images such as those that formed the basis of Appellant’s conviction — whether the minors depicted in the images are actual minors or merely “virtual” minors — is to the prejudice of good order and discipline, as well as service-discrediting. See Manual for Courts-Martial, United States (2002 ed.) Part IV, para. 60.c.(2)-(3). Thus, notwithstanding Free Speech Coali *459 tion, Appellant’s plea remains provident for the lesser-included offense of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. As evidenced by the stipulation, Appellant clearly understood that what he did was prejudicial to good order and discipline, as well as service-discrediting, regardless of whether he clearly understood that the images were of actual children.
In sum, Appellant’s plea supports the charge and specification of possessing and transporting child pornography depicting actual minors. Moreover, the plea supports at least a finding of guilty as to the lesser-included offense.
For these reasons, I respectfully dissent from the majority opinion.