CRAWFORD, Chief Judge
(dissenting in part and concurring in part):
Because I agree that Appellant’s plea was provident to a lesser-included offense under clauses 1 and 2 of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2000), I concur in the majority’s affirmation of Appellant’s conviction. Nevertheless, I disagree that Appellant’s guilty plea was improvident to the clause 3, Article 134 offense.
First, Appellant waived the Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), issue by failing to address it at trial.
When Appellant learned of his charge under Article 134, clause [3], for violating the Child Pornography Prevention Act (CPPA), 18 U.S.C. § 2252A (2000), he neither took exception to the charge general *21 ly, nor alleged that the basis for the charge—the CPPA—was unconstitutionally vague and overbroad. In so doing, Appellant cannot now be afforded relief on the very grounds he himself failed to raise, and therefore waived.
United States v. O’Connor, 58 M.J. 450, 456 (C.A.A.F.2003) (Crawford, C.J., dissenting).
Moreover, the record establishes Appellant’s understanding that the pornographic images based on which he was convicted depicted actual minors.
When evaluating the providence of a guilty plea, “[r]ather than focusing on a technical listing of the elements of an offense, this Court looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially.” United States v. Redlinski, 58 M.J. 117 (C.A.A.F.2003)(emphasis added). “[T]here need only be ‘factual circumstances’ on the record ‘which “objectively” support’ the guilty pleas, i.e., that actual minors were in appellant’s pictures.” United States v. James, 55 M.J. 297, 300 (C.A.A.F.2001) (quoting United States v. Shearer, 44 M.J. 330, 334 (C.A.A.F.1996)).
In James, this Court considered the following colloquy in evaluating the providence of the appellant’s guilty plea to violating the pr e-Free Speech Coalition CPPA:
Q. The term “child pornography” [under the CPPA] means any visual depiction ... involv[ing] the use of a minor engaging in sexual [sic] explicit conduct. Such visual depiction is or appears to be of a minor engaging in sexually explicit conduet[.]
Q. Now, why do you believe that—as far as describes those files—why you believe the files to be described as child pornography?
A. Well, they depicted young females under the age of eighteen, which as you stated, that they, uh, they are minors. I believe that the pictures depicted minors under the age of eighteen and at least four contained minors engaged in sexual activity.
Q. Do you believe that one of those persons involved in that conduct was a minor?
A. I believe the person in the picture was under eighteen, yes, sir.
55 M.J. at 301 (emphasis added). The Court noted that through these words, the appellant “admitted that actual minors were in the charged pictures” and that these admissions were “amply supported by the pictures themselves.” Id. at 300-01. The Court then concluded that “the factual circumstances reflected in the record ‘objectively support’ appellant’s guilty pleas to possessing and transporting child pornography depicting actual minors.” Id. (emphasis added). In short, although the appellant did not supply the adjectives “real” or “actual,” and although the judge defined “pornography” in pr e-Free Speech Coalition terms, this Court inferred from the language the appellant did use— “young females” and “minors”—that the images involved actual minors. See Redlinski, 58 M.J. at 117 (noting that providence may be confirmed by the record inferentially).
Id. at 456-57.
In the instant case, Appellant admitted during the providence inquiry that “[s]everal of the pictures [he’s] looked at were child pornography, that is, minors doing lascivious poses” and that the pictures he viewed on his computer were “images of naked children.” Moreover, in his stipulation of fact, Appellant listed the internet sites from which he obtained child pornography. He then admitted as follows: “All of the images listed directly above and as attached to this stipulation of fact depict children who are between the ages of 12 and 16 according to a sexual maturity assessment.” The descriptive terminology Appellant used—“naked children,” “minors,” and “children who are between the ages of 12 and 16”—was very similar to the terminology in James, particularly given the near equivalency in meaning of the words “minor” and “child.” See Black’s Law Dictionary 1011 (7th ed.l999)(defining “minor” as “[a] person *22 who has not reached full legal age; a child or juvenile”)(emphasis added). Finally, as in James and O’Connor, the pictures attached to the record in this case amply support Appellant’s awareness that the images involved actual minors.
For these reasons, I would hold Appellant’s plea provident to the clause 3, Article 134 offense. In any event, I concur in the majority’s result, as I would also hold Appellant’s plea provident to a lesser-included offense under clauses 1 and 2 of Article 134.