# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist TAYLOR A. LAYTON**
**United States Army, Appellant**

ARMY 20150260

Headquarters, Joint Readiness Training Center and Fort Polk
Randall L. Fluke, Military Judge
Colonel Jan E. Aldykiewicz, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Nathan S. Mammen, JA (on brief).

27 July 2016

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, in accordance to his pleas, of one specification of violating a lawful general order, four specifications of possessing child pornography, and one specification of viewing child pornography, in violation of Articles 92 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, thirty-six months confinement, and reduction to the grade of E-1. In accordance with the pretrial agreement, the convening authority approved only eighteen months confinement but otherwise approved the findings and sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but not relief.

Appellant alleges the military judge abused his discretion by accepting appellant's pleas to possessing and viewing child pornography. According to appellant, the military judge erred by giving two varying definitions of child pornography during the providence inquiry while the stipulation of fact contained another definition of child pornography. We find a lack of a substantial basis to question appellant's pleas and find appellant provident to wrongfully possessing and viewing child pornography as adjudged.

## BACKGROUND

Appellant, while stationed at Fort Polk in May 2013, sought out and downloaded approximately one hundred videos and six thousand images of child pornography on multiple computers. Appellant deployed to Kandahar Airfield, Afghanistan, the following year. Between 6 June 2014 and 6 August 2014, appellant viewed approximately thirty images containing child pornography from his Google Plus account. For each specification of possessing or viewing child pornography, the government charged the misconduct as "[images/videos] of a minor or what appears to be a minor, engaging in sexually explicit conduct."

During the providence inquiry, the military judge gave two definitions of child pornography. The first was "material that contains a visual depiction of an actual minor engaging in sexual [sic] explicit conduct." The second definition was given immediately after:

> [A]lso means material [sic] and obscene visual depiction
> of a minor engaging in sexual [sic] explicit conduct. Such
> a depiction need not involve an actual minor but instead
> only what appears to be a minor.

Both definitions follow the definitions in the Military Judges' Benchbook. *See* Dep't of Army, Pam 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 3-68b-1(d). The note before these definitions in the Benchbook gives guidance to the military judge:

> The first definition . . . should be given where actual
> minors are in issue. The second definition . . . should be
> given where the depictions do not involve the use of actual
> minors, or there is some question as to whether actual
> minors were used in the depictions. If appropriate give
> both definitions.

Benchbook, para. 3-68b-1(d), n.2.

The military judge also gave verbatim the instruction for "obscene," "sexually explicit conduct," and "lascivious" during the providence inquiry. Benchbook, para. 3-68b-1(d), n.2 and n.3.

The stipulation of fact defined child pornography as "a visual depiction of a minor engaging in sexually explicit conduct, which includes 'lascivious display of the genitals,' defined as [the six non-exclusive factors outlined in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal. 1986).]" The stipulation of fact also went into detail for each specification that "[a]ll of the [images/videos] depict actual children" and described in detail the images or video and how each of those images and videos depicts sexually explicit conduct.

Throughout the course of the providence inquiry, the military judge asked the appellant three times whether he understood the definitions given to him, including the definitions of child pornography. All three times the appellant responded that he understood and never asked to clarify the definition of child pornography despite being given opportunities to do so.

## THE PROVIDENCY OF APPELLANT'S PLEAS

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). To ensure a provident plea, the military judge must accurately inform the appellant of "the nature of his offense and elicit from him a factual basis to support his plea." *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004). "An essential aspect of informing [the a]ppellant of the nature of the offense is a correct definition of legal concepts. The judge's failure to do so may render the plea improvident." *Id*. Yet, "an error in advising an accused does not always render a guilty plea improvident. Where the record contains factual circumstances that objectively support the guilty plea to a more narrowly construed statute or legal principle, the guilty plea may be accepted." *Id*. (quoting *United States v. James*, 55 M.J. 297, 300 (C.A.A.F. 2001)).

In appellant's case, the government charged appellant with possessing and viewing child pornography using the model specification. *See Manual For Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 68.b(f). Based on the stipulation of fact, the child pornography in appellant's case involved images and videos of actual minors engaging in sexually explicit conduct. "Sexually explicit conduct" includes, *inter alia*: "(a) sexual intercourse or sodomy, including genital-genital, oral-genital, anal-genital, or oral anal, whether between persons of the same or opposite sex . . . (c) masturbation; . . . or (e) lascivious exhibition of the genitals or pubic area of any person." Benchbook, para. 3-68b-1. n.2. The stipulation of fact sufficiently describes each image or video as to how it qualifies as sexually explicit conduct. The military judge asked multiple times if appellant knew what he was

3

viewing and downloading was child pornography, based on the legal definition given by the military judge, and the appellant responded the he knew it was in fact child pornography. Appellant entered search terms associated which child pornography and "it gave results."

Appellant's argument has merit as the second Benchbook definition was not needed based on the stipulation of fact. However it falls short of an abuse of discretion by the military judge. Both the providence inquiry and the stipulation of fact adequately describe appellant's misconduct and "objectively support the guilty plea to a more narrowly construed statute or legal principle," namely the first definition of child pornography. *Negron*, 60 M.J. at 141 (quoting *James*, 55 M.J. at 300). The military judge reviewed the images and videos submitted by the government in evidence. The military judge then asked appellant whether he had reviewed them as well and whether they met the definition of child pornography given to appellant by the military judge; appellant responded that he had reviewed the exhibits and they met the definition of child pornography. The military judge made specific findings for each video and image entered into evidence by the government. He found that one video did not meet the definition of child pornography and adjusted his findings accordingly. As that video contains what is clearly sexually explicit conduct, namely sexual intercourse between a female of unknown age and an adult male, the military judge made moot the language "or what appears to be a minor" in the definitions of child pornography provided to appellant. But before that finding, the military judge used both definitions out of an abundance of caution. Explained another way, for each finding of guilty, the military judge found that each image and video entered into evidence was a "visual depiction of an actual minor engaging in sexually explicit conduct." There is no question appellant understood and agreed that all of the videos and images to which he was found guilty were of actual children.

Appellant's reliance on *United States v. Blouin*, 74 M.J. 247 (C.A.A.F. 2015) is misplaced. In *Blouin*, the alleged child pornography involved children but with a questionable lascivious display of the genitals. In appellant's case, the stipulation of fact and the military judge made clear that the child pornography involved an unquestionable lascivious display of the genitals of actual minors, and appellant agreed.

**CONCLUSION**

The findings of guilty and the sentence are correct in law and fact and are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court