**UNITED STATES of America, Appellee,**

v.

**William SANTIAGO, Defendant–Appellant.**

**No. 05–5582–CR.**

United States Court of Appeals, Second Circuit.

Oct. 31, 2006.

Alexander Willscher, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Harry Sandick, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Jonathan Svetkey, Watters & Svetkey, LLP (William Santiago, pro se), New York, NY, for Appellant.

Present: AMALYA L. KEARSE, SONIA SOTOMAYOR and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant William Santiago appeals from the amended judgment imposed on October 7, 2005, on remand from this court pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), reducing from 78 to 63 months the term of imprisonment imposed in the original judgment of conviction entered on December 19, 2003, following guilty pleas on two counts of receiving and distributing materials that contained child pornography, 18 U.S.C. § 2252A(a)(2)(B), and on one count of possessing materials that contained child pornography, 18 U.S.C. § 2252A(a)(5)(B). We assume the parties' familiarity with the facts and procedural history of this case.

■ There is no merit to Santiago's claim that the district court violated his rights as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it applied enhancements to his Sentencing Guidelines calculation based on facts that Santiago had not pled to, or admitted, in court. It appears, however, that Santiago in his plea may have allocuted to many of the facts that form the basis for the sentencing enhancements applied to his sentence. Nevertheless, even were we to assume that the court had enhanced defendant's sentence due to unadmitted findings,[1] our precedent makes clear that unless a defendant's sentence exceeds the maximum sentence prescribed by statute, there is no *Apprendi* violation. *Crosby*, 397 F.3d at 109–10 n. 6.

It is clear that Santiago's sentence of 63 months is well under the statutory maximum penalty. *See* 18 U.S.C. § 2252A(b).[2]

■ Santiago contends also that even if the district court could have enhanced his sentence by making factual findings to which he had not specifically pled, the court's application of a five-level enhancement under section 2G2.2(b)(2)(B) of the Sentencing Guidelines was erroneous.[3] Reviewing *de novo* the district court's interpretation of section 2G2.2 here, *United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005), we agree with the district court that the enhancement requires only that "a defendant distribute[ ] child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value," and not "a specific agreement or understanding between the distributor and the recipient of child pornography." *United States v. Maneri*, 353 F.3d 165, 168–69 (2d Cir.2003). We find no clear error in the district court's conclusion that the enhancement applied to defendant's case, *Rubenstein*, 403 F.3d at 99, where Santiago entered a chat room "[l]ooking to trade videos" and then transmitted images of child pornography based on that premise, and where a search of his computer's hard-drive revealed thousands of still and video images depicting child pornography and what appeared to be a

---

**1.** Santiago is also incorrect in contending that judicial factfinding by a preponderance of the evidence standard was error. *United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*.").

**2.** At the time of Santiago's offenses, a defendant who had not previously been convicted of any of the offenses listed in 18 U.S.C. § 2252A(b) was subject to maximum statutory penalties of 15 years for a violation of § 2252A(a)(2)(B) and 5 years for a violation of § 2252A(a)(5)(B). *See* 18 U.S.C. § 2252A(b)(1) and (2) (enumerating statutory

penalties). In 2003, § 2252A(b) was amended to increase these statutory maxima to 20 yeas and 10 years, respectively. *See* Prosecutorial Remedies and Tools to end the Exploitation of Children Today Act of 2003, Pub.L. No. 108–21, § 103, 117 Stat. 650, 652–53 (2003).

**3.** Section 2G2.2(b)(2)(B) applies to an offense involving the "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." In the November 2004 Sentencing Guidelines, this provision was recodified as section 2G2.2(b)(3)(B).

chart on which Santiago had columns listing images "I sent them" and images "They sent me."

 Further, the district court did not err when it refused to reduce Santiago's sentence to conform to those in three child pornography cases cited by defendant. The district court correctly noted that the Sentencing Guidelines themselves were the best way to eliminate sentence disparities because they took the individual circumstances of each case into account.[4]

 Finally, we reject Santiago's contention that the application of an enhancement for using a computer to aid in the distribution and possession of child pornography, pursuant to section 2G2.2(b)(5) of the Sentencing Guidelines, amounted to impermissible double counting. Here, Congress clearly viewed the distribution of child pornography as a serious harm but viewed such pornography's dissemination via computer as a distinct, more serious harm because computers permit, *inter alia*, the "wide dissemination and instantaneous transmission" of pornographic materials. *United States v. Demerritt*, 196 F.3d 138, 142 (2d Cir.1999) (quoting H.R. Rep. No 104–90, at 3–4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 759, 760–61). Given these distinct harms, the district court here, when "calculating [Santiago's] Guidelines sentence," appropriately "appl[ied] multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *United*

*States v. Maloney*, 406 F.3d 149, 152–53 (2d Cir.2005).

For the reasons discussed, the district court's amended judgment of conviction and sentence is AFFIRMED.

---

4. In *United States v. Selioutsky*, 409 F.3d 114 (2d Cir.2005), upon which defendant substantially relies for this argument, the Guidelines calculation was exactly the same as Santiago's—an adjusted offense level of 27 and a sentencing range of 70–87 months. *Id.* at 115. This reinforces the point of the Guidelines—that similar conduct results in similar sentencing calculations. That the district court in *Selioutsky* ultimately departed downward because of family circumstances and sentenced Selioutsky to 30 months' imprisonment, *id.* at 115–16, does not help Santiago because he did not have a similar family circumstances claim. Insofar as the other factual circumstances of both his and Selioutsky's crimes are the same, the Guideline calculations treated them the same.