UNITED STATES, Appellee,

v.

Timothy D. SAPP, Senior Airman,
U.S. Air Force, Appellant.

No. 99–0260.
Crim.App. No. 32641.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 9, 1999.

Decided June 9, 2000.

COX, S.J., delivered the opinion of the Court, in which CRAWFORD, C.J., and GIERKE and EFFRON, JJ., joined. SULLIVAN, J., filed an opinion concurring in part and dissenting in part.

For Appellant: *Captain Michael J. Apol* (argued); *Lieutenant Colonel Jeanne M. Rueth* (on brief); *Colonel Douglas H. Kohrt* and *Major Carol L. Hubbard.*

For Appellee: *Captain Christa S. Cothrel* (argued); *Colonel Anthony P. Dattilo* and *Lieutenant Colonel Ronald A. Rogers* (on brief); *Major Michael E. Savage,* USAFR.

Senior Judge COX delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted by a general court-martial of possessing depictions of sexually explicit conduct by minors, in violation of 18 USC § 2252(a)(4)(A).[1] The military judge sentenced him to a bad-conduct discharge, confinement for 8 months, total forfeitures, and reduction to E–1. The convening authority approved the sentence as adjudged. In an unpublished opinion, 1998 WL 1037815, the Court of Criminal Appeals affirmed in part. It held that appellant's plea was improvident with respect to a violation of 18 USC § 2252(a)(4)(A), because the military judge failed to adequately advise appellant of the elements necessary for a conviction of violating the statute, but it determined that appellant's plea nevertheless was "provident to a lesser-included offense of service-discrediting conduct under clause 2 of Article 134." Unpub. op. at 4. It modified the findings and concluded, after conducting a reassessment, that the approved sentence was unaffected

---

1. The violation of the federal statute was charged under the Crimes and Offenses Not Capital Clause of Article 134, Uniform Code of Military Justice, 10 USC § 934.

by the minor modification made to the specification. *Id.* at 5.

This Court granted review on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN FINDING APPELLANT GUILTY OF A LESSER–INCLUDED OFFENSE UNDER ARTICLE 134, CLAUSE 2, AFTER THE COURT FOUND APPELLANT'S PLEA OF GUILTY IMPROVIDENT TO AN ARTICLE 134, CLAUSE 3, OFFENSE AS APPELLANT DID NOT ADMIT ALL THE ESSENTIAL ELEMENTS TO THE LESSER–INCLUDED OFFENSE.

Concluding that the Court of Criminal Appeals did not err by affirming appellant's conviction under Article 134, clause 2, we affirm.

At trial, appellant pleaded guilty to the following specification:

In that SENIOR AIRMAN TIMOTHY D. SAPP, United States Air Force, 5th Munitions Squadron, Minot Air Force Base, North Dakota, did, at Minot Air Force Base, North Dakota, on or about 30 January 1996, wrongfully and knowingly possess three or more visual depictions, each of which depicted minors engaging in sexually explicit conduct, in violation of 18 USC § 2252(a)(4)(A).

At the time of the offense, 18 USC § 2252(a)(4)(A) prohibited the knowing possession of "3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction" of minors engaged in sexually explicit conduct.

While conducting the providence inquiry, the military judge mistakenly "tracked the language of the specification rather than" the language of the statute. Unpub. op. at 4. As a result, appellant was asked if he possessed "three or more visual depictions ... of minors engaging in sexually explicit conduct." The military judge did not advise appellant that the statute required that the visual depictions be contained in at least three separate "matters." Instead, he advised that it is a criminal offense under the statute to "knowingly possess any matters which con-

tain visual depictions if those visual depictions involve the use of a minor engaged in sexually explicit conduct."

During his providence inquiry, appellant admitted that he used an internet browser to download an entire newsgroup that contained depictions of sexually explicit conduct by minors. Initially, all the images he obtained were "dumped ... into one directory" within his hard drive. After viewing some of the images, he sorted them "according to the content" and placed them in separate computer files entitled "sex," "stories," and "nudes." While discussing his guilty plea with the military judge, appellant admitted that he had stored and maintained some 188 sexually explicit images of minor children in his personal computer at his on-base residence. He also admitted that possession of such depictions of sexually explicit conduct by minors constituted service-discrediting conduct.

Because appellant's responses during the providence inquiry indicated that all of the images that he possessed were located on a single computer disc, the Court of Criminal Appeals concluded that the military judge had failed to properly explain all of the elements required for a violation of the federal statute. *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969).

In affirming the conviction of a lesser-included offense, the Court of Criminal Appeals modified the specification to read as follows:

In that SENIOR AIRMAN TIMOTHY D. SAPP, United States Air Force, did, at Minot Air Force Base, North Dakota, on or about 30 January 1996, wrongfully and knowingly possess three or more visual depictions of minors engaging in sexually explicit conduct.

Unpub. op. at 5.

We are satisfied that the Court of Criminal Appeals correctly concluded that appellant's guilty plea was sufficient to support his conviction of service-discrediting conduct under Article 134. Conduct is punishable under Article 134 if it prejudices "good order and discipline in the armed forces" (clause 1), or

if it is "of a nature to bring discredit upon the armed forces" (clause 2), or if it is a crime or offense not capital (clause 3). The three clauses do not create separate offenses. Instead, they provide alternative ways of proving the criminal nature of the charged misconduct.

■ It is clear from reading Article 134 that conduct which violates no specific statute may still be an offense thereunder if it is found to be prejudicial to good order and discipline or if it is of a nature to bring discredit upon the armed forces. *See United States v. Williams*, 17 MJ 207, 215–16 (CMA 1984); *United States v. Mayo*, 12 MJ 286, 289 (CMA 1982); *United States v. Long*, 2 USCMA 60, 6 CMR 60 (1952). We have no doubt that the knowing possession of images depicting sexually explicit conduct by minors, when determined to be service-discrediting conduct, is a violation of Article 134.

■ Appellant pleaded guilty to a specification charging the possession of three or more images of sexually explicit conduct by minors, as a violation of Article 134. In addition to admitting that he violated 18 USC § 2252(a)(4)(A), he admitted during the providence inquiry that the conduct was service discrediting.

Article 59(b), UCMJ, 10 USC § 859(b), provides: "Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense." That is exactly what the Court of Criminal Appeals did in this case, and properly so.

The removal of any reference to a violation of a federal statute from the specification did not alter the essential nature of the offense. By charging a violation of the federal statute, the Government was not required to prove either the prejudicial or discrediting nature

of the conduct to make it a criminal offense.[2] However, appellant's admissions, during the providence inquiry, that the conduct was of a nature to bring discredit upon the armed forces were sufficient to establish an Article 134 violation, even though one of the essential elements necessary for a violation of the statute was not admitted.

In *United States v. Bivins*, 49 MJ 328, 332–33 (1998), this Court upheld a decision by the Court of Criminal Appeals which affirmed a lesser-included offense of dereliction of duty after that court determined that the original charge of violating a lawful general order could not be sustained. There were three reasons we did so. The first was that the appellant had been "placed on notice that he was charged with a violation of Article 92," UCMJ, 10 USC § 892. The second was that the appellant had "admitted all of the elements of dereliction of duty in his providence inquiry." The third reason was that the offense of "dereliction of duty is an offense 'closely related' to violating a lawful general order."

The same three reasons we applied in *Bivins* are applicable to this case. Here, appellant was placed on notice that he was charged with a violation of Article 134. Appellant admitted all of the elements necessary for his conviction under Article 134 when he admitted that he had committed the acts charged and that his conduct was service discrediting. Finally, the offense of service-discrediting conduct is an offense "closely related" to violating the federal statute, under the facts of this case. Both offenses are charged under Article 134, and appellant clearly understood the nature of the prohibited conduct.

For all these reasons, we uphold appellant's conviction of service-discrediting conduct under Article 134.[3]

---

2. In *United States v. Foster*, 40 MJ 140, 143 (CMA 1994), we noted that the elements of prejudice to good order and discipline and discredit to the armed forces are implicit in every enumerated offense under the Uniform Code of Military Justice.

3. We disagree with the dissent's suggestion that the present case is in the same posture as *United*

*States v. Falk*, 50 MJ 385 (1999). In the present case, the Court of Criminal Appeals was able to affirm the findings with respect to a lesser-included offense because the court concluded that the military judge conducted an adequate providence inquiry covering the elements of the lesser-included offense. We agree with the court below. By contrast, in *Falk* the adequacy of the guilty-plea inquiry as to the offense charged was

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in part and dissenting in part):

Naturally, I agree with the majority's affirming of Senior Airman Sapp's conviction for a violation of Article 134 (service-discrediting conduct) by his act of storing and maintaining 188 sexually explicit images of minor children in more than three separate files on his personal computer in his government housing unit on a military post. This crime is similar to what Airman First Class Falk did in a case we heard and decided last Term. *United States v. Falk*, 50 MJ 385 (1999). There I stated:

> Possession of 126 computer images of child pornography, lasciviously organized into four directories on a personal computer, in government housing on a military post, is *per se* service discrediting conduct in my view. Affirmance of his conviction for this conduct under Article 134 is warranted. . . .

*United States v. Falk*, 50 MJ at 394 (Sullivan, J., dissenting).

However, it remains a puzzle to me why Sapp's conviction is affirmed today and yet Falk's conviction was reversed for essentially the same conduct. I don't understand why my position in dissent, with regard to affirming a lesser-included offense under Article 134, in *United States v. Falk, supra*, is now the majority view of this Court. How can the law be applied so unequally?

Moreover, I strongly disagree with the majority's acceptance of the lower appellate court's holding that Sapp's guilty plea to a violation of the child pornography law, 18 USC § 2252, should not stand. I do not agree that Sapp's admissions were legally insufficient. I adhere to my prior stated view in my dissent in *United States v. Falk, supra*, that the conduct of storing visual depictions of child pornography in over 126 computer files organized into four directories on a computer violated 18 USC § 2252.

I further note that other recent decisions of other U.S. courts of appeals would easily support a conviction under 18 USC § 2252, in the circumstances of child pornography on multiple computer files on a single computer. *See United States v. Vig*, 167 F.3d 443, 448 (8th Cir.), *cert. denied*, —— U.S. ——, ——, 120 S.Ct. 146, 314, 145 L.Ed.2d 125 (1999); *United States v. Hockings*, 129 F.3d 1069 (9th Cir.1997); *see also United States v. Demerritt*, 196 F.3d 138 (2d Cir.1999); *United States v. Fellows*, 157 F.3d 1197, 1201 (9th Cir.1998), *cert. denied*, —— U.S. ——, 120 S.Ct. 133, 145 L.Ed.2d 112 (1999); *United States v. Hall*, 142 F.3d 988, 998 (7th Cir. 1998). In my view, the Government's extensive argument on the validity of the original guilty plea (Government Final Brief at 13–20) hardly constitutes acquiescence to the lower court decision.

As a final point, I want to clear up the confusion that may appear in this area of the law of our Court. *United States v. Falk, supra*, was published on May 28, 1999, but a confusing order was issued on September 30, 1999, modifying in part the majority opinion. I attach the order to this opinion as an appendix. In my view, Section IIB (50 MJ at 390–92) was the only part of the majority opinion that was withdrawn by the September 30th order; therefore, the rest of the majority opinion as well as the two dissents in *Falk* remain in effect.

## APPENDIX

United States, Appellee,

v.

Scott E. Falk (390–84–7252), Appellant.

USCA Dkt. No. 98–0064/AF

Crim.App. No. 32456

---

at issue; a lesser offense was not at issue at the lower court or before our Court.

The dissent also suggests that we should reverse the lower court's holding in the present case and reinstate the findings of the court-martial as to the greater offense. We note that the Government acquiesced in the lower court's decision and did not appeal the ruling below on findings. We decline to take the unusual and unwarranted step of reinstating findings absent a government appeal.

## ORDER

The United States, appellee, petitioned this Court for reconsideration, citing various precedents relating to the construction of 18 USC § 2252(a). It also appears that the issue of the proper construction of 18 USC § 2252(a) has been raised in other cases presently pending in this Court and can be considered in the disposition of those cases. *United States v. Augustine,* No. 98–5026, and *United States v. Sapp,* No. 99–0260.

However, the United States did not cite any new authorities which might warrant reconsideration of this Court's earlier decision that appellant's pleas of guilty were improvident and that the findings and sentence based thereon should be set aside. 50 MJ 385, 390 (1999).

Accordingly, it is, by the Court, this 30TH day of September 1999

ORDERED:

That the Petition for Reconsideration as it relates to the construction of 18 USC § 2252(a) is granted and the opinion of the Court is withdrawn insofar as it relates thereto. Reconsideration of the Court's prior decision setting aside the findings and sentence is denied. The Court reserves the issue concerning the proper construction of 18 USC § 2252(a) for further consideration if raised in some other case, or if raised again in this case after further proceedings in the courts below.

### AND

That the second sentence of the first paragraph of Part IV is amended to read as follows:

The finding of guilty of specification 1 of Charge I and the sentence are set aside.

### AND

That the last sentence of the first paragraph of Part IV is amended to read as follows:

A rehearing on specification 1 of Charge I and the sentence may be ordered.

For the Court,

/s/ Thomas F. Granahan
Clerk of the Court

SULLIVAN, Judge (dissenting):

I would order re-argument of this case. Important decisions from other federal circuit Courts of Appeals were overlooked at our prior oral argument of this case. *United States v. Hall,* 142 F.3d 988, 998 (7th Cir. 1998); *United States v. Vig,* 167 F.3d 443, 448 (8th Cir.1999); *United States v. Michalec,* 1999 U.S.App. Lexis 141 (4th 1999) (*see* 50 MJ 409).

cc: The Judge Advocate General of the Air Force
Appellate Defense Counsel (KOHRT)
Appellate Government Counsel (HINDEL)