STUCKY, Judge
(dissenting):
I agree with the majority that the Army Court of Criminal Appeals erred by amending the specification that was referred against Appellant. But I dissent from the analysis of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), and the majority’s conclusion that Appellant’s guilty plea was improvident.
I.
Article 134, UCMJ, provides as follows:
Though not specifically mentioned in this chapter, [1] all disorders and neglects to the prejudice of good order and discipline in the armed forces, [2] all conduct of a nature to bring discredit upon the armed forces, and [3] crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.
The majority concludes that “clauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3, although they may be depending on the drafting of the specification.” I disagree.
*29 In Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), the Supreme Court announced that one offense is not a lesser included offense of another “unless the elements of the lesser offense are a subset of the elements of the charged offense.” Id. at 716. And “[s]ince offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question.” Id. The plain language of Article 134, UCMJ, makes evident that the statute does not describe three separate offenses or theories of prosecution. Instead, it describes three distinct classes of offenses not otherwise described in the punitive articles of the UCMJ. Clause 1 makes criminal conduct that is prejudicial to good order and discipline in the armed forces, while clause 2 makes criminal conduct that is service discrediting. That the conduct was prejudicial to good order and discipline or was service discrediting is an element of the offense. Clause 3 offenses do not require either of those elements; rather, they require that the accused’s conduct be a non-capital offense that is either (1) a violation of the United States Code that is applicable to servicemembers regardless of where the wrongful conduct occurred, or (2) a violation of federal law applicable at the place of the offense or of state criminal statute applicable to an accused under the Federal Assimilative Crimes Act. Manual for Courts-Martial, United States (MCM) pt. IV, para. 60.c.(4) (2005 ed.).
A particular act or omission may be a crime or offense not capital under clause 3 and still be prejudicial to good order and discipline or service discrediting. The three clauses may overlap in their coverage, but they are not coextensive, and one is not a lesser element of either of the others. As each of the three classes of offenses under Article 134, UCMJ, requires a different element, a clause 1 or clause 2 offense is not a lesser included offense of a clause 3 offense.
II.
The specifications at issue alleged that at Vilseck, Germany, and Fort Knox, Kentucky, Appellant (1) knowingly mailed, transported, or shipped in interstate or foreign commerce child pornography, in violation of 18 U.S.C. § 2252A(a)(l) (2000) (Specification 2), and (2) coerced a minor to engage in sexually explicitly conduct for the purpose of transporting a visual depiction of such conduct in interstate or foreign commerce in violation of 18 U.S.C. § 2251(a) (2000) (Specification 3).[1]
Neither specification alleged that such conduct was prejudicial to good order and discipline or service discrediting. That is not surprising in light of the MCM’s direction that “[a] specification alleging a violation of Article 134 need not expressly allege that the conduct was ‘a disorder or neglect,’ that it was ‘of a nature to bring discredit upon the armed forces,’ or that it constituted ‘a crime or offense not capital.’ ” MCM pt. TV, para. 60.c.(6)(a).
“A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication.” Rule for Courts-Martial (R.C.M.) 307(c)(3). By citation to the federal statutes, the specifications at issue in this case allege, by necessary implication, in crimes or offenses not capital, in violation of clause 3. The language of the two specifications does not state or necessarily imply that the conduct was also prejudicial to good order and discipline or service discrediting.
Nevertheless, this was a guilty plea, not a contested case. During the providence inquiry, the military judge advised Appellant of the elements of child pornography specifications as clause 3 offenses but added two additional elements — that Appellant’s conduct was prejudicial to good order and discipline or service discrediting. Without reservation, Appellant admitted to these elements. He told the military judge that his conduct was “not something professional soldiers should do” (Specification 2) and “[i]t makes the Army look bad in front of the eyes of the *30 public” (Specification 3). By doing so, Appellant admitted his conduct established violations of clause 1 or clause 2 under Article 134, UCMJ. Even though he was not charged with violating either clause 1 or clause 2, his admissions are sufficient to sustain the military judge’s conclusion that the plea was provident. See United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F.2000) (concluding that the appellant’s plea inquiry established his guilt to clause 2 of Article 134, UCMJ, when he was charged under clause 3); United States v. Felty, 12 M.J. 438, 441-42 (C.M.A.1982) (holding that when the appellant’s guilty plea to escape from custody in violation of Article 95(4), UCMJ, 10 U.S.C. § 895(4), could not be sustained but his answers during the providence inquiry established his guilt of escape from confinement in violation of Article 95(4), UCMJ, “the technical variance between the offense alleged and that which is established from an accused’s own lips does not require setting aside the plea of guilty”).
The majority states that an accused cannot knowingly relinquish the constitutional rights he waives in pleading guilty without full knowledge of the nature of the charges brought against him. I disagree. An accused need only have full knowledge of the nature of the charges to which he pled guilty. The military judge’s inquiry was sufficient for Appellant to fully understand that he was pleading guilty under Article 134, UCMJ, to (1) knowingly mailing, transporting, or shipping child pornography, and (2) coercing a minor to engage in sexually explicitly conduct for the purpose of transporting visual depictions of conduct, and (3) that such conduct was prejudicial to good order and discipline or service discrediting. Therefore, I would affirm the convictions of Specification 2 under clause 1 and Specification 3 under clause 2.

. It is a mystery to me why, after this Court’s ten-year history of invalidating convictions for child pornography offenses under clause 3, and of upholding convictions for such offenses under clause 2, we continue to see cases charged under clause 3.