**UNITED STATES of America**

v.

**Michael W. PURDY, Operations Specialist Second Class (E–5), U.S. Navy.**

**NMCCA 200700659.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 19 Oct. 2005.

17 June 2009.

For Appellant: Maj Michael C. Miller, USMCR; Lt Kathleen L. Kadlec, JAGC, USN.

For Appellee: LCDR Frank L. Gatto, JAGC, USN; Capt Geoffrey Shows, USMC.

Before GEISER, Senior Judge, COUCH, and KELLY, Appellate Military Judges.

## PUBLISHED OPINION OF THE COURT

GEISER, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of making a false official statement, receiving child pornography and possessing child pornography, in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934. The approved sentence was confinement for 150 days, reduction to pay grade E–1 and a bad-conduct discharge.

This case is before us a second time. On 2 January 2008, this court granted a Government consent motion to remand the record of trial for proper post-trial processing in accordance with RULES FOR COURTS-MARTIAL 1106 and 1107, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.). Proper post-trial processing was accomplished and the record was again docketed with this court on 22 July 2008.

The appellant raises three assignments of error. First, he asserts that the military judge committed plain error by not *sua sponte* declaring the offenses of receiving and possessing child pornography multiplicious. Second, the appellant avers that his guilty pleas to receiving and possessing child pornography were improvident. Finally, he asserts that his rights were violated by untimely post-trial processing and review.

■ We have examined the record of trial and the various pleadings of the parties. We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Multiplicity

A guilty plea waives a multiplicity issue absent plain error. *United States v. Hery-*ford, 52 M.J. 265, 266 (C.A.A.F.2000). An appellant can demonstrate plain error by showing that the challenged specifications are "facially duplicative." *Id.* Whether specifications are facially duplicative is determined by reviewing the language of the specifications and facts evident on the face of the record. *Id.*

■ The appellant argues that his receipt and possession of child pornography were coincident and simultaneously occurred the moment the images were displayed on his computer screen. While this is true, we note that possession requires more than mere receipt. It requires an exercise or an ongoing opportunity to exercise exclusive dominion over the images. Essentially, it requires the opportunity to look at the images later without the necessity of revisiting the web site.

During the providence inquiry, the appellant acknowledged taking steps to clean his computer of pornographic images prior to his wife's visit to Belgium. In doing so, the appellant acknowledged downloading the child pornographic images, along with other files from his computer hard drive, to a CD rom. Following this, the appellant reformatted his hard drive and separately retained the CD rom. The act of saving the images to a second storage device was a clear exercise of dominion over the child pornographic images separate and apart from his initial receipt sometime earlier. We are satisfied, therefore, that the appellant's conviction for both receipt and possession of the same images was proper and that the military judge did not commit plain error.

### Post–Trial Delay

■ The post-trial delay in the appellant's case does not rise to the level of a due process violation. *United States v. Jones,* 61 M.J. 80, 83 (C.A.A.F.2005)(citing *Toohey v. United States,* 60 M.J. 100, 102 (C.A.A.F. 2004)). While the 1007–day delay between sentencing and the second docketing with this court is unreasonable, the appellant's 150 days of confinement would certainly have been completed even with the most energetic and proactive post-trial processing. Further, the appellant concedes that he has suffered no material prejudice from this delay. Having carefully reviewed the record, we agree.

*See United States v. Moreno,* 63 M.J. 129 (C.A.A.F.2006). We further find that the length of the delay in this case does not affect the findings and sentence that should be approved under Article 66(c), UCMJ. *United States v. Brown,* 62 M.J. 602 (N.M.Ct.Crim.App.2005)(en banc)(citing *United States v. Tardif,* 57 M.J. 219, 224 (C.A.A.F.2002)).

## Improvident Plea

The appellant asserts that his plea of guilty to Charge III is improvident as clauses 1 and 2 of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, are not lesser included offenses of clause 3 of Article 134, UCMJ. Appellant's Brief of 29 Nov 2007 at 4. Neither the trial court, nor the appellant in his original brief, had the benefit of our superior court's analysis in *United States v. Medina,* 66 M.J. 21, 26 (C.A.A.F. 2008) to address this issue. Having considered *Medina's* refinement of Article 134, UCMJ, as applied to child pornography offenses under 18 U.S.C. § 2252A, we find the appellant's argument that his plea was improvident unpersuasive.

A lesser included offense is defined as "an offense necessarily included in the offense charged." Art. 79, UCMJ, 10 U.S.C. § 879. At the time of the appellant's trial, there existed two divergent understandings of the interaction between clauses 1, 2 and 3, both rooted in *United States v. Sapp,* 53 M.J. 90 (C.A.A.F.2000). In one regard, *Sapp* stood for the notion that "the elements of prejudice to good order and discipline and discredit to the armed forces [the elements of clauses 1 and 2 respectively] were as implicit under an offense under clause 3 as *United States v. Foster,* 40 M.J. 140, 143 (C.M.A.1994), stated they were under the enumerated offenses." *Medina,* 66 M.J. at 25. Thus, according to this interpretation, the elements of clauses 1 and 2 implicitly represented a subset of the elements of clause 3. The countervailing reading of *Sapp,* however, came to the conclusion that the three clauses of Article 134, UCMJ, "provide alternative ways of proving the criminal nature of the charged misconduct", representing three distinct offenses rather than lesser included offenses. *Medina,* 66 M.J. at 26 (quoting *Sapp,* 53 M.J. at 92)(internal quotation marks and footnote omitted); *see also United States v. Cendejas,* 62 M.J. 334, 340 (C.A.A.F.2006).

Ultimately, the court in *Medina* adopted the latter approach in concluding "that clauses 1 and 2 are not necessarily lesser included offenses of offenses alleged under clause 3, although they may be, depending on the drafting of the specification." *Medina,* 66 M.J. at 26. While *Medina* clearly favors the more rigid "elements test" [1] over the "implicit connection" referenced in *Sapp,* the court seemingly left the door open for the possibility of clauses 1 or 2 to serve as lesser included offenses of clause 3 under unspecified circumstances.

We need not decide, however, whether the appellant's conduct and the wording of the specification constitute a lesser-included offense under the facts and circumstances of this case. The gravamen of *Medina* is the protection of the appellant's right to a knowing and voluntary plea. Even assuming, *arguendo,* that the offense to which the appellant pled guilty was erroneously referred to as a lesser included offense, the ultimate issue under *Medina* is whether the appellant had fair notice he was pleading guilty to a distinct theory of liability as compared to that which appeared on the charge sheet.

An appellant's plea of guilty to an offense represents a significant relinquishment of constitutional rights. *United States v. Care,* 40 C.M.R. 247, 250–51, 1969 WL 6059 (C.M.A.1969). In order to ensure that the appellant's relinquishment of those rights is knowing and voluntary, it is necessary to ensure that the appellant not only understood the facts upon which criminal charges are based, "but also [had] an understanding of how the law relates to those facts." *Medina,* 66 M.J. at 26 (citing *Care,* 40 C.M.R. at 250–51). In other words, "the record must conspicuously reflect that the [appellant] clearly understood the nature of the prohibited conduct." *Cendejas,* 62 M.J. at 340 (quoting *United States v. Martinelli,* 62 M.J. 52,

---

1. *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

67 (C.A.A.F.2005) (citations and internal quotation marks omitted)).

In light of *Medina's* clarification of clauses 1, 2, and 3 as distinct theories of liability, and in the interest of fair notice, "it is important for the accused to know whether he or she is pleading only to a crime or offense not capital under clause 3, a 'disorder or neglect' under clause 1, conduct proscribed under clause 2, or all three." *Medina,* 66 M.J. at 26. This can be accomplished either on the charge sheet or through the military judge during the plea inquiry. *Id.* at 27.

 In this case, we are satisfied that the appellant's plea to clauses 1 and 2, as distinct from the charged clause 3 offense, was knowing and voluntary. First, the appellant voluntarily entered into a stipulation of fact in which he admitted that his conduct was both prejudicial to good order and discipline and service discrediting. Prosecution Exhibit 1 at 4. Second, the appellant entered into a pretrial agreement in which he agreed to plead not guilty to the charged clause 3 offense, but instead plead guilty to offenses under clauses 1 and 2 of Article 134, UCMJ. Appellate Exhibit I at 5. Third, in expressly indicating that the appellant was pleading guilty to an offense other than that which appeared on the charge sheet, the military judge sufficiently explained the different theories of liability under each clause to include the fact that clauses 1 and 2 carry the additional elements of prejudice to good order and discipline and conduct of a nature to bring discredit to the service. Record at 53, 76.

The appellant is correct that the record indicates persistent reference to clauses 1 and 2 as "lesser included offenses" of the charged clause 3 specification. The main thrust of *Medina,* however, is that the appellant clearly understand the distinction between the various Article 134, UCMJ, clauses both in terms of elements and in terms of theories of liability. We are confident that the appellant clearly understood these distinctions. We hold, therefore, that a proper understanding of *Medina* supports the conclusion that mere reference to the phrase "lesser included offense", albeit erroneous, does not constitute a substantial basis in law or fact for questioning the guilty plea. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F.2008). We have no qualms about the providence of a guilty plea when the appellant's underlying criminal conduct was accurately portrayed in the specification and the appellant was made aware, as the appellant was in this case, that he was pleading guilty under a theory of liability distinct from that alleged on the charge sheet.

## Conclusion

The findings and approved sentence are affirmed.

Judge KELLY concurs.

COUCH, Senior Judge (concurring):

I concur with the majority opinion, however I write separately to highlight the challenges presented by prosecution of child pornography offenses under Article 134 clauses 1 or 2, and reiterate the mystification expressed by Judge Stucky in his dissent in *Medina* as to the continued use of clause 3 as a cogent theory of liability.[1]

Even applying the "elements test" as set forth in *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), I cannot imagine a scenario in which an offense with an additional element, which clauses 1 and 2 will invariably have, would be considered a lesser included offense to a clause 3 offense.[2] *Cf. United States v. Medina,* 66 M.J. 21, 24–25 (C.A.A.F.2008)(citing *United States v. Teters,* 37 M.J. 370, 376 (C.M.A.1993)). My conclusion is supported by *Schmuck's* holding that an offense cannot be considered to be a lesser included offense "where the lesser offense requires an ele-

---

1. "It is a mystery to me why, after this Court's ten-year history of invalidating convictions for child pornography offenses under clause 3, and of upholding convictions for such offenses under clause 2, we continue to see cases charged under clause 3." *Medina,* 66 M.J. at 29 n. 1 (Stucky, J., dissenting).

2. "Under this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck,* 489 U.S. at 716, 109 S.Ct. 1443.

ment not required for the greater offense." *Schmuck*, 489 U.S. at 716, 109 S.Ct. 1443. In this respect, I would state to military justice practitioners, with greater certitude than did the court in *Medina*, that clauses 1 and 2 are objectively not lesser included offenses of clause 3.

In this case, the appellant was charged with knowingly receiving and possessing child pornography in violation of 18 U.S.C. § 2252A, charged under clause 3 of Article 134, UCMJ. The elements of 18 U.S.C. § 2252A do not include the requirement that the appellant's conduct have been either "prejudicial to good order and discipline" or "service discrediting." To refer to clauses 1 and 2 as lesser included offenses of the charged offense in this case would be to require an element not required for the greater offense. In other words, when the appellant was pleading guilty to clauses 1 and 2 of Article 134, UCMJ, he was not pleading guilty to a lesser included offense of the charged offense as the record reflects he, his defense counsel, trial counsel, and the military judge thought. Record at 13, 53, 76. Instead, the appellant was pleading guilty to a distinct offense that did not appear on the charge sheet, and could not be implied therein.

While clauses 1 and 2 will, in my opinion, universally fail to satisfy the *Medina* test for lesser included offenses when the greater offense is clause 3, the plea in this case was indeed provident because the appellant was on fair notice as to the offense to which he was pleading guilty, and it is clear his plea was knowing and voluntary.