GALLAGHER, Judge,
joined by Chief Judge AYRES, Senior Judge COOK, Judge HAIGHT, and Judge MORAN,
concurring in part and dissenting in part:
I agree with the majority to the extent they hold that distribution of child pornography files under 18 U.S.C. § 2252A(a)(2) requires the files to have been transferred or delivered to the possession of another via peer-to-peer file-sharing software programs. However, I respectfully depart from the majority because I would affirm the clause one and clause two offenses of Article 134, UCMJ, as contained in Specification 3 of The Charge. See United States v. Mason, 60 M.J. 15, 18-20 (C.A.A.F.2004) (striking a clause three violation and upholding a violation of clauses one and two); United States v. O’Connor, 58 M.J. 450, 454 (C.A.A.F.2003) (recognizing that an improvident plea to a clause three offense under Article 134, UCMJ, may still be upheld as a provident plea to a lesser-included offense under clauses one or two).
In this case, clauses one and two are proper bases of liability for affirming Specification 3 of The Charge. Both clause one and clause two of Article 134, UCMJ, are lesser- *739 included offenses of the charged offense and provide alternate theories of liability for the violation of Article 134, UCMJ, to which appellant knowingly and voluntarily pleaded guilty.
The specification itself established that the distribution charged was the act of making child pornography files available for download by others via peer-to-peer file-sharing software. Prior to arraignment, the military judge noted a potential conflict in the Child Pornography Prevention Act (CPPA) law based on this definition of distribution. “Essentially, U.S. v. Christy appears to hold that merely putting those images in a shared file that goes out through the LimeWire process constitutes enough for delivery and that you don’t need any actual delivery under the CPPA to have distribution.” Fully understanding this method of distribution was the essence of his crime, appellant pled guilty as charged. The military judge advised appellant that the distribution was by making child pornography available for download. The providence inquiry focused on making child pornography available for download as the sole method of distribution. The stipulation of fact also fully establishes making child pornography available as the method of distribution envisioned by the parties.
Appellant told the military judge at the outset of the providence inquiry into Specification 3 of The Charge that he attempted to distribute images of child pornography by making them available for download from his Limewire shared folder. The exchange below then followed appellant’s initial statement:
MJ: ... Now, you said the way that you distributed these images and videos was you made them available to be downloaded in your shared file?
Acc: Yes, sir.
MJ: And how would that work?
Acc: What it was, sir, is once the — once I downloaded a video off the program, it automatically went into the shared file, which then, if somebody on the network anywhere in the world wanted to download that same file, they could just — the system would automatically go into my file and pull it out and download it to their computer.
Appellant later confirmed that he knowingly left child pornography files in his Lime-wire shared folder. Moreover, appellant knew exactly how his Limewire shared folder operated:
MJ: And were you aware that — say it’s a hypothetical that you had gotten those images and videos from just one place, okay, we’ll call it ‘Place A,’ and say that person had deleted those files from Place A, okay, would you still — would a person wanting to get those files still be able to get them?
Acc: Yes, they would, sir.
MJ: And would they be able to get them off of your computer?
Acc: Yes, sir.
MJ: ... And so when you put them in that shared file, did you know that those images and videos were able to be downloaded from your shared file?
Acc: Yes, sir.
MJ: And could you have taken them out of there?
Acc: I could have taken them out of there and just placed them onto my personal— my own personal file, sir.
MJ: ... Once you did that, would those files — and say you then deleted them from your shared file, would those files have been able to be downloaded from this new file you created that was in the shared file?
Acc: No, sir.
MJ: But you didn’t do that, did you?
Acc: No, sir.
Appellant later confirmed again a second time that he knowingly and intentionally left child pornography files in his Limewire shared folder:
MJ: An act is done knowingly if done voluntarily and intentionally and not because of a mistake or accident or other innocent reasons. Do you believe that your putting — leaving those files in your shared file was done innocently or it was a mistake?
*740 Acc: No, it was neither, sir; it was intentionally put in there.
As set out in the majority opinion, appellant did not know if a third-party had actually downloaded child pornography files from his Limewire shared folder. But appellant did admit that it was possible for others to download the files from him. Further, appellant could not affirmatively claim that nobody had received a file from him in the past.
The military judge then completed the providence inquiry into Specification 3 of The Charge by reviewing the terminal elements of clause one and clause two, Article 134, UCMJ, in the context of distribution by making available:
MJ: And do you believe that such conduct was prejudicial to good order and discipline?
Acc: Yes, sir.
MJ: Why?
Acc: Because, sir, it was, like I said, you know, in my previous statement, in regards to the—
MJ: This just isn’t possession, this is distribution. This is somebody else can get them from you?
Acc: Roger, sir. What I was doing is I was inadvertently abetting other pedophiles in the world to, you know, satisfy their urges and their sexual desires.
MJ: Well, now you say ‘inadvertently,’ but you understand that this requires that you knew ... that that was going on?
Acc: Roger, sir.
MJ: Did you know that was going on?
Acc: Yes, sir.
MJ: By ‘inadvertently,’ you might mean that you didn’t spend a lot of time thinking about it; is that fair?
Acc: Yes, sir.
MJ: And you probably didn’t want to think about it?
Acc: No, sir.
MJ: But generally when you say ‘other pedophiles,’ the people that want these kinds of images are people that have an interest sexually in children, correct?
Acc: Yes, sir.
MJ: And so by allowing them to be on this shared network and access via your computer, were you knowingly distributing those to other people?
Acc: Yes, sir.
MJ: And do you think if people out in the civilian community knew that a [sjoldier was doing this, that that would be service discrediting?
Acc: Yes, sir.
Finally, the providence inquiry into Specification 3 of The Charge culminated in the following exchange:
MJ: And ... do you believe that [sjoldiers knowing that you made images available for download on your LimeWire account would tend to have less respect for you and be less likely to follow your orders? Acc: Yes, sir.
MJ: And do you believe that’s a direct impact on good order and discipline?
Acc: Yes, sir.
Article 79, UCMJ, defines a lesser-included offense as “an offense necessarily included in the offense charged_” UCMJ art. 79. In turn, “[a]ny reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.” UCMJ art. 59(b). In my view, clause one and clause two offenses may be upheld here because they were necessarily included in the offense charged, as they were specifically contained within the specification. See United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008) (concluding that while clause one and clause two offenses are not necessarily lesser-included offenses of an offense alleged under clause three of Article 134, UCMJ, they could be “depending on the drafting of the specification.”).
In this case, the record conspicuously reflects that appellant “clearly understood the nature of the prohibited conduct” as being criminal under clause one and clause two, Article 134, UCMJ, separate and apart from the underlying federal statute. Medina, 66 M.J. at 28 (citation omitted). To begin with, the government specifically included the clause one and clause two offenses, along with the theory of criminality, on the charge *741 sheet. The elements of the clause one and clause two offenses are textually contained within Specification 3 of The Charge. As such, the military judge appropriately advised appellant of these elements and appellant supplied facts sufficient to knowingly and voluntarily admit guilt to them. See United States v. Ballan, 71 M.J. 28, 35 (C.A.A.F.2012) (observing that a military judge cannot accept a guilty plea unless an accused describes how the acts constitute the elements of the offenses to which he is pleading guilty) (citations omitted).
Moreover, the military judge even highlighted to appellant that a potential issue existed with respect to the definition of “distribution.” As noted by the majority, the military judge informed appellant before arraignment and before appellant entered his pleas that Christy, Kuemmerle, and Craig may have altered the term “distribution” under the CPPA. Nonetheless, appellant chose to consciously admit guilt to the clause one and clause two offenses. At no point did appellant object to the existence of the clause one and clause two offenses. Appellant certainly could have pled guilty by exceptions had he felt that his conduct did not violate clauses one and two or because he simply did not want to admit his conduct violated clauses one and two. Instead, appellant chose to plead guilty to Specification 3 of The Charge as drafted in accordance with his offer to plead guilty.[1] Thus, the simple fact remains that appellant consciously chose to plead guilty to offenses alleged under clauses one and two of Article 134, UCMJ, despite the military judge’s recognition of a potential problem with the term “distribution” in the context of the CPPA offense.[2]
Additionally, Specification 3 of The Charge, as drafted, provided appellant notice of alternate theories of criminal liability. See Medina, 66 M.J. at 26 (recognizing that the three clauses within Article 134, UCMJ, “do not create separate offenses[;] [i]nstead, they provide alternative ways of proving the criminal nature of the charged misconduct.”) (quoting United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F.2000)). Since all three theories of liability were listed on the charge sheet, the military judge did not have to inform appellant during the guilty plea that clauses one and two were only applicable in the event that the clause three offense was set aside. Rather, the military judge was simply required to inform appellant of the elements of all three theories of liability and elicit facts sufficient to satisfy all three clauses, as any one theory on its own may suffice for criminal liability. See Ballan, 71 M.J. at 35 (finding that the military judge sufficiently described the clause one and clause two offenses during the plea colloquy to enable appellant to understand “what he was being charged with and why his conduct was prohibited.”); United States v. Rodriguez, 66 M.J. 201, 204 (C.A.A.F.2008) (recognizing the longstanding common law rule that when a guilty verdict is returned on an indictment charging several acts, the guilty finding attaches to each of the alternative theories charged); Medina, 66 M.J. at 26 (concluding that an accused must “know under what clause he is pleading guilty” and that this can be accomplished “through advice by the military judge or through operation of the lesser included offense doctrine.”); O’Connor, 58 M.J. at 452 (noting that conduct is punishable if it violates clause one, clause two, or clause three of Article 134, UCMJ) (emphasis added).
The presence of the clause one and clause two terminal elements within the specification, the conscious choice by appellant to pled guilty to the specification as drafted, the military judge’s identification of the clause one and clause two terminal elements as elements of the specification necessary for a *742 finding of guilt, and the factual link provided by appellant in the providence inquiry, and in the stipulation of fact, between the terminal elements and the conduct of distributing child pornography by making it available all establish that appellant knowingly, voluntarily, and intelligently admitted guilt to all three alternate theories of criminality.
In sum, the removal of the reference to 18 U.S.C. § 2252A from Specification 3 of The Charge does “not alter the essential nature of the offense.” Sapp, 53 M.J. at 92. The violation of a federal statute is not required for appellant’s conduct to be criminal under clauses one or two of Article 134, UCMJ. “[C]onduct which violates no specific statute may still be an offense ... if it is found to be prejudicial to good order and discipline or if it is of a nature to bring discredit upon the armed forces.” Id. at 92. (citations omitted). Here, the government placed appellant on notice that he was charged with violating clauses one and two of Article 134, UCMJ, within Specification 3 of The Charge. Appellant then provided admissions both in the stipulation of fact and during the providence inquiry to show that his conduct in making child pornography files available to others violated clauses one and two of Article 134, UCMJ. In fact, given the guilty plea to the specification as drafted, “[a]ppellant’s admissions that his acts [violated clauses one and two of Article 134, UCMJ] were necessary in order for the military judge to accept [a]ppellant’s guilty pleas.” Ballan, 71 M.J. at 35 (citing United States v. Care, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253, 1969 WL 6059 (1969)).
Thus, the charge sheet, the stipulation of fact, and the plea inquiry all objectively support the existence of a clause one and clause two offense under Article 134, UCMJ, and that appellant knowingly and voluntarily pled guilty to a clause one and clause two offense in this ease. After reassessing the sentence on the basis of the error noted, and assuming without deciding[3] that the maximum punishment for Specification 3 of The Charge would change to four months confinement and forfeiture of two-thirds pay per month for four months, the entire record, and in accordance with the principles of United States v. Sales, 22 M.J. 305 (C.M.A.1986), and United States v. Moffeit, 63 M.J. 40 (C.A.A.F.2006), to include the factors identified by Judge Baker in his concurring opinion in Moffeit, I would affirm the sentence as approved by the convening authority.

. I will not speculate as to whether appellant’s offer to plead guilty would have been accepted had he excepted the terminal element language in a case where there was a potential legal issue with the clause three theory of liability.

. I do not see the need to except the words “distribute, by” from Specification 3 of The Charge. See Mason, 60 M.J. at 18-20 (declining to except out the term "child pornography” from the CPPA offense contained in the Specification of Charge III despite the military judge’s use of the phrase "appear to be,” which was "constitutionally overbroad”). In addition, "distribute” is specifically defined in Specification 3 of The Charge, which negates the necessity for excepting it out of the specification.

. Based on the facts of this case, I reserve for another day the issue of the maximum punishment for this offense. I note that the majority cites several offenses which could potentially provide the basis for a maximum punishment.